## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PWR INVEST, LP, *et al.*[1] | Case No. 19-11164 (JTD) |
| Debtors. | (Jointly Administered) |

### SECOND AMENDED NOTICE OF DEPOSITION OF FTI CONSULTING

PLEASE TAKE NOTICE that Chambers Energy Capital, III, LP will take the deposition of the person most knowledgeable of FTI Consulting on Tuesday, September 24, 2019, starting at 1:00 p.m. (Central Daylight Time), at the offices of Esquire Deposition Solutions, 1700 Pacific Avenue, Suite 1000, Dallas, Texas 75201.  A true and correct copy of the Deposition Subpoena to FTI Consulting is attached hereto as **Exhibit A**.

The deposition will be taken upon oral examination by a person authorized to administer oaths and will be recorded by stenographic means.  In accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, this deposition will be taken for the purpose of discovery and/or used as evidence on the matters scheduled to be heard in this bankruptcy case on October 3, 2019.

*[Signature Page Follows]*

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Oklahoma Merge, LP (1308), Oklahoma Merge Midstream, LP (8433), Oklahoma River Basin, LP (0385), PWR Oil and Gas General Partners, Inc. (4963), and PWR Invest, LP (7429).

Dated: September 20, 2019
      Wilmington, Delaware

DUANE MORRIS LLP

*/s/ Jarret P. Hitchings*
Michael R. Lastowski (DE 3892)
Jarret P. Hitchings (DE 5564)
222 Delaware Avenue, Suite 1600
Wilmington, DE  19801-1659
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: mlastowski@duanemorris.com
        jphitchings@duanemorris.com

-and-

Michael J. Reiss (admitted *pro hac vice*)
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone:  (213) 845-7522
Facsimile:  (213) 891-8763
E-mail: michael.reiss@lw.com

*Counsel to Chambers Energy Capital III, LP and Chambers Energy Management, LP*

**<u>EXHIBIT A</u>**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ For the _____ District of _____Delaware_____

In re _____PWR Invest, LP, et al._____
**Debtor**

*(Complete if issued in an adversary proceeding)*

_____
**Plaintiff**

v.

_____
**Defendant**

Case No. ___19-11164___

Chapter ___11___

Adv. Proc. No. _____

## SECOND AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

FTI Consulting

To: _____
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Esquire Deposition Solutions<br><br>1700 Pacific Avenue, Suite 1000, Dallas, TX 75201 | September 24, 2019 at 1:00 p.m. CDT |

The deposition will be recorded by this method:
    stenographic means

[X] *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
    See attached.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __September 20, 2019__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Michael R. Lastowski*
_____
**Attorney's signature**

The name, address, email address, and telephone number of the attorney representing *(name of party)*
  Chambers Energy Capital III, LP , who issues or requests this subpoena, are:

  Michael R. Lastowski, Duane Morris, 222 Delaware Avenue, Suite 1600 Wilmington, DE 19801, (302) 657-4900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## TOPIC ON WHICH DEPOSITION TESTIMONY IS SOUGHT

1.      The Debtors' 13-week cash flow forecast, including but not limited to all assumptions and analyses that were made by the Debtors or FTI Consulting in creating the forecast.

## DOCUMENTS REQUESTS

## DEFINITIONS

For the purposes of these document requests, the following definitions shall apply. These definitions are to be construed in the broadest sense with reference to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Federal Rules of Civil Procedure (the "Federal Rules").

1.      The term "Debtors" shall mean and refer to Oklahoma Merge, LP (formerly known as Gaedeke Merge, LP), Oklahoma Merge Midstream, LP (formerly known as Gaedeke Merge Midstream, LP), Oklahoma River Basin, LP (formerly known as Gaedeke River Basin, LP), PWR Oil and Gas General Partners, Inc., and PWR Invest, LP, any of their current or former officers, directors, employees, partners, agents, attorneys, consultants, investigators, accountants, corporate parent, subsidiaries, affiliates, or any other person acting or purporting to act on their behalf.

2.      The terms "You," "Your," and "FTI Consulting" shall mean and refer to FTI Consulting and any of its current or former officers, directors, employees, partners, agents, attorneys, consultants, investigators, accountants, corporate parent, subsidiaries, affiliates, or any other person acting or purporting to act on its behalf.

3.      The terms "all" and "each" shall be construed as "all and each."

4.      The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.    The term "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the document request in question.

6.    The term "concerning" shall mean relating to, referring to, describing, evidencing or constituting.

7.    The terms "relate" or "reflect" shall mean referring to, relating to, supporting, describing, evidencing or constituting.

8.    The term "Document(s)" refers to any and all written, printed, typewritten, photographic, recorded or graphic materials, however produced or reproduced, which relate or pertain in any way to the subject matter to which the request refers, including, without limitation, all things meeting the definition of "documents" set forth in Rule 34(a) of the Federal Rules, as incorporated by rules 7034(a) and 9014(c) of the Bankruptcy Rules, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence, such as all originals, copies and drafts of all notes, memoranda, correspondence, e-mails, advertisements, circulars, brochures, ledgers, journals, minutes, books, telephone message slips, expense accounts, time sheets, telegrams, cables, publications, photographs, microfilm, prints, contracts, manuals, recordings, tapes, transcriptions of records and recordings, business records, desk calendars, diaries, transcripts, affidavits, bills, receipts, checks, memoranda of telephone or other conversations by or with any person(s) and any other pertinent information set forth in written language or any electronic or magnetic representation thereof, whether or not such Document(s) are in Your possession, custody or control.  Any document with any marks such as initials,

comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

9.      The term "Communication(s)" shall mean any communications in any form, whether written, oral or electronic, and shall include communications through a third-party or by any other means.

10.     The term "including" shall not be construed to limit the scope of any document request.

## **INSTRUCTIONS**

1.      These requests shall be deemed to cover any document now or at any time in Your possession, custody, or control, including but not limited to, all documents within the possession, custody, or control of any agents, attorneys, advisors or other person(s) acting or purporting to act on Your behalf.

2.      In accordance with Rule 26(e) of the Federal Rules and Rule 7026 of the Bankruptcy Rules, each request for the production of documents shall be deemed to be continuing in nature.  If at any time additional, responsive documents come into Your possession, custody, or control, then the responses to these requests shall be promptly supplemented.

3.      All documents shall be produced in the manner in which they are maintained in the ordinary course of business or shall be organized and labeled to correspond with the categories in this request.

4.      Any document or portion of any document withheld from production based on a claim of privilege shall be identified by a list detailing (1) the type(s) of documents withheld, (2) the general subject matter of such document(s), (3) the basis of withholding the document(s), and (4) the number of documents withheld under each basis.  Notwithstanding the assertion of any

3

objection, any requested document that contains non-objectionable information responsive to this request should be produced, but that portion of the document for which the objection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

5.     Objections to any part of these requests shall be stated in full.

6.     Each request for documents seeks production of the document in its entirety, without abbreviation, modification, or redaction, including but not limited to, all attachments, actual, proposed or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or other matters affixed hereto.

7.     A request for documents shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the document itself.

8.     Any document that cannot be produced in full shall be produced to the fullest extent possible.

9.     Whenever necessary to bring within the scope of a request documents that might otherwise be construed to be outside its scope:

        (a)  the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and

        (b)  the use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa.

10.     Each paragraph, subparagraph, clause and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

11.     Unless otherwise noted, the requests described herein shall cover the time period of January 1, 2017 through the present date.

4

## REQUESTS FOR PRODUCTION

1.      All of the Debtors' budgets, forecasts, and financial projections, including drafts thereof, from December 22, 2017 through and including the anticipated end of these Chapter 11 Cases.

2.      All reserve reports for all wells in which any Debtor has an interest from December 22, 2017 to the present.

3.      All Documents relied on by FTI Consulting in creating the Debtors' 13-week cash flow forecast, including but not limited to all contracts between any Debtor and any other entity pertaining to any Debtor's working interest in any well.

4.      All Documents and Communications that relate to any uncompleted wells in which any Debtor has an interest, including but not limited to the Burchfield Trust and Big Brown Wells.

5.      All Documents and Communications that relate to the value of the Debtors, including but not limited to any analyses or models that relate to any Debtor's enterprise value and/or the value of any Debtor's assets.

6.      All Communications between Sabine Gaedeke Stener and FTI Consulting from the first date that Mrs. Stener resigned as President and Director of any of the Debtors through the present.

7.      All Documents that relate to payments made to FTI Consulting for work performed for the Debtors.