**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>PWR INVEST, LP, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11164 (JTD)<br><br>(Jointly Administered)<br><br>**Re: D.I. 492 & 506** |

**ORDER (A) ESTABLISHING BIDDING PROCEDURES;
(B) ESTABLISHING ASSUMPTION AND ASSIGNMENT
PROCEDURES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS;
(C) AUTHORIZING AND APPROVING THE SELECTION OF A STALKING HORSE
BID; (D) SCHEDULING AUCTION AND SALE HEARING; (E) APPROVING FORM
AND MANNER OF NOTICE OF ALL PROCEDURES, SCHEDULES,
AND AGREEMENTS; AND (F) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the **"Motion"**) of Michael A. McConnell, Esq., the trustee (the

**"Trustee"**) whose appointment by the Office of the United States Trustee for the District of

Delaware (the "**U.S. Trustee**") was approved by the Bankruptcy Court for the District of

Delaware (the **"Court"**) for the above-captioned debtors (each, a **"Debtor"** and collectively, the

**"Debtors"**), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the

**"Bankruptcy Code"**), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy

Procedure (the **"Bankruptcy Rules"**), and Rule 6004-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

**"Local Bankruptcy Rules"**), for entry of an order (this **"Order"**) (a) authorizing and

---

[1] The Debtors in these chapter 11 cases (collectively, the **"Cases"**), together with the last four digits of each Debtor's federal tax identification number, are as follows: Oklahoma Merge, LP (1308), Oklahoma Merge Midstream, LP (8433), Oklahoma River Basin, LP (0385), PWR Oil & Gas General Partners, Inc. (4963), and PWR Invest, LP (7429).  The mailing address of the Chapter 11 Trustee is Kelly Hart & Hallman LLP, Attn: Michael A. McConnell, Esq., 201 Main Street, Suite 2500, Fort Worth, TX 76102, with copies to Kelly Hart & Hallman LLP, c/o Nancy L. Ribaudo, 201 Main Street, Suite 2500, Fort Worth, TX 76102 and Morris, Nichols, Arsht & Tunnell LLP, c/o Derek C. Abbott and Joseph C. Barsalona II, 1201 North Market Street, Suite 1600, Wilmington, DE 19801.

establishing the bidding procedures attached hereto as **Exhibit 1** (the **"Bidding Procedures"**)[2] in connection with a sale transaction (a **"Transaction"**) involving certain or all of the Debtors' assets (the **"Assets"**), (b) establishing procedures for the assumption and assignment of contracts and noticing of related Cure Amounts (the **"Assumption and Assignment Procedures"**), (c) authorizing and approving the selection of the Stalking Horse Bid, (d) scheduling (i) a date for an Auction, if necessary, and (ii) a final hearing (the "**Sale Hearing**") to approve one or more Transactions, and setting other related dates and deadlines, (e) approving the form and manner of notice of any Auction and the Sale Hearing, and all notices related thereto; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**FOUND, CONCLUDED, AND DETERMINED THAT:**

A.    **Predicates for Relief.**   The predicates for relief granted herein are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and Local Bankruptcy Rule 6004-1.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bidding Procedures or the Motion, as applicable.

**B.**     **Best Interests.**  The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Order is in the best interests of the Debtors and their respective estates, creditors, and all other parties in interest.

**C.**     **Bidding Procedures.**  The Trustee has articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached hereto as **Exhibit 1**, which are fair, reasonable, and appropriate under the circumstances and designed to achieve the highest or otherwise best Bid and to maximize the value of the Debtors' estates.

**D.**     **Sufficient Notice of the Motion, the Bidding Procedures Hearing, and the Order.**  The Trustee's notice of the Motion, the Bidding Procedures Hearing, and the proposed entry of this Order was adequate and sufficient under the circumstances of these Cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  Accordingly, no further notice of the Motion or the Bidding Procedures Hearing is necessary or required.

**E.**     **Business Justification for Relief.**  The Trustee has demonstrated a compelling and sound business justification for the Court to grant the relief requested in the Motion, including, without limitation, to (i) approve the Bidding Procedures, including the selection of the Stalking Horse Bid; (ii) establish the Assumption and Assignment Procedures; (iii) approve the form and manner of notice of all procedures, protections, schedules, and agreements, as applicable, attached to the Motion; (iv) schedule a date for (A) the Auction and (B) the Sale Hearing; and (v) grant related relief as set forth herein.  Such compelling and sound business justification, which was set forth in the Motion and on the record at the Bidding Procedures Hearing, among other things, forms the basis for the findings of fact and conclusions of law set forth herein.

F.      **Objections Overruled.**  Any objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

G.      **Sale Notice.**  The notice (the **"Sale Notice"**), substantially in the form attached hereto as **Exhibit 2**, provided by the Trustee regarding the Sale, the Auction, and the Sale Hearing  is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including: (i) the date, time, and place of the Auction (if one is held); (ii) the Bidding Procedures and certain dates and deadlines related thereto; (iii) the objection deadline for the Motion and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the assets subject to any Sale; (v) instructions for promptly obtaining a copy of the form Purchase Agreement; (vi) representations describing any Sale pursuant to section 363 of the Bankruptcy Code as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, interests, and other encumbrances attaching with the same validity and priority to the sale proceeds; and (vii) notice of the proposed assumption of the Designated Contracts by the Debtors and their assignment to the Successful Bidder(s) (as defined in the Bidding Procedures), if applicable, arising from the Auction, if any, and the right, procedures, and deadlines for objecting thereto; and no other or further notice of any Sale shall be required.

H.      **Assumption and Assignment Procedures.**  The Motion and the Assumption Notice, substantially in the form attached as **Exhibit 4** hereto, are reasonably calculated to provide counterparties to the Designated Contracts with proper notice of the intended assumption and assignment of their executory contracts, any Cure Amounts, and the Assumption Procedures (as defined herein), and are appropriate.

**I.**      **Post-Auction Notice.**   The Post-Auction Notice, substantially in the form attached as **Exhibit 3** hereto, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Successful Bid(s) and Backup Bid(s), and no other or further notice is required.

**J.**      **Selection of Stalking Horse Bid.**  The Trustee has articulated good and sufficient reason for the Court to approve the Purchase Agreement by and between the Trustee on behalf of the Debtors and the Stalking Horse Bidder, dated June 3, 2020 and filed at docket number 506, which is fair, reasonable, and appropriate under the circumstances, was entered into in good faith by the Trustee and the Stalking Horse Bidder, was negotiated at arm's-length, and is designed to achieve the highest or otherwise best Bid and to maximize the value of the Debtors' estates.

**K.**      **Other Findings.**  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.   To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

**I.**      **Important Dates and Deadlines**

2.      **Process Timeline.**   The Trustee is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline; *provided*, that the Trustee may (a) extend or modify any of the following dates by filing a notice of such extension or modification on the Court's docket, (b) with respect to the Auction, adjourn the Auction at the Auction without further notice, (c) with respect to the

Sale Hearing, adjourn the Sale Hearing in open court without further notice, or (d) seek a further

order of the Court extending or modifying such dates:

| Date | Event |
|---|---|
| Within three (3) days of entry of Bidding Procedures Order | Deadline to serve the Sale Notice on Transaction Notice Parties |
| Within five (5) days of entry of Bidding Procedures Order | Deadline to serve Assumption Notices |
| June 17, 2020 at 4:00 p.m. (Eastern Daylight Time) | Sale Objection Deadline |
| June 19, 2020 at 5:00 p.m. (Central Daylight Time) | Bid Deadline |
| June 22, 2020 at 10:00 a.m. (Central Daylight Time) | Auction (if necessary) |
| No later than noon the calendar day after the Auction is completed | Deadline to file and serve notice of Successful Bidder and amount of Successful Bid |
| June 22, 2020 at 4:00 p.m. (Eastern Daylight Time) | Reply Deadline |
| Two (2) hours prior to the commencement of the Sale Hearing | Supplemental Limited Sale Objection Deadline (*e.g.*, deadline for objections based on the manner in which the Auction was conducted and the identity of the Successful Bidder(s) or Backup Bidder(s) that are not the Stalking Horse Bidder, including Designated Contract counterparty objections based on inadequate assurance of future performance by a Successful Bidder other than the Stalking Horse Bidder) |
| June 24, 2020 at 2:00 p.m. (Eastern Daylight Time) | Sale Hearing |

3.      **Failure to Timely File an Objection.**    Absent further order of the Court, the

failure by a party to timely file an objection in accordance with this Order shall forever bar such

6

party from asserting any objection to the Motion, entry of an order (a) approving the Sale to the Successful Bidder (or, if the Successful Bidder fails to consummate the Sale, to the Backup Bidder), which sale shall be free and clear of all liens, claims, encumbrances, and other interests, (b) authorizing the assumption and assignment of the Designated Contracts, and (c) granting related relief (the **"Sale Order"**) and/or consummation of a Transaction(s), including the assumption and assignment of contracts and leases to the Successful Bidder pursuant to the Purchase Agreement, and shall be deemed to constitute any such party's consent to entry of the applicable order and consummation of the Transaction(s) and all other transactions related thereto.

4.      **Modifications of Process Timeline and Bidding Procedures.**   The Trustee reserves the right, and is authorized to, modify the above timeline and the Bidding Procedures (the **"Modifications"**) in accordance with the Bidding Procedures.   The U.S. Trustee will be given notice of the Modifications.

5.      **Sale Hearing.**   The Sale Hearing will commence on **June 24, 2020, at 2:00 p.m., Eastern Daylight Time**, before the Honorable John T. Dorsey of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801.

6.      **Sale Objection Deadline.**   Objections, if any, to the Sale Motion and the Sale of the Assets to a Successful Bidder, except objections solely based on the manner in which the Auction was conducted and the identity of the Successful Bidder(s) or Backup Bidder(s) that are not the Stalking Horse Bidder, including Designated Contract counterparty objections based on inadequate assurance of future performance by a Successful Bidder other than the Stalking Horse Bidder (any such objection, a **"Sale Objection"**), must be made by **June 17, 2020, at 4:00 p.m., Eastern Daylight Time** (the **"Sale Objection Deadline"**).   Objections solely to the identity of

the Successful Bidder(s) or Backup Bidder(s) that are not the Stalking Horse Bidder, including

Designated Contract counterparty objections based on inadequate assurance of future

performance by a Successful Bidder other than the Stalking Horse Bidder (any such objection, a

"**Supplemental Limited Sale Objections**") must be made by **12:00 p.m., Eastern Daylight**

**Time, on June 24, 2020** (the "**Supplemental Limited Sale Objection Deadline**"); *provided*,

that such deadlines may be extended by agreement of the Trustee and the affected objecting

party.   In each case, all objections must: (a) be in writing; (b) conform to the applicable

provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c)

state with particularity the legal and factual bases for the objection and the specific grounds

therefor; and (d) be filed with the Court no later than the Sale Objection Deadline and served on

the Objection Recipients (as defined below).

7.      **Response Deadline.**  Responses or replies, if any, to Initial Objections must be

filed by **June 22, 2020, at 4:00 p.m., Eastern Daylight Time** (the "**Reply Deadline**"), and

responses or replies, if any, to Supplemental Limited Sale Objections must be filed by **12:00**

**p.m., prevailing Eastern Time on the date of the Sale Hearing** (or may be presented at the

Sale Hearing).

8.      **Competitive Bidding.**  The following dates and deadlines regarding competitive

bidding are hereby established:

(a)     **Bid Deadline: June 19, 2020, at 5:00 p.m., Central Daylight Time**, the deadline
        by which all Qualified Bids (as defined in the Bidding Procedures) must be
        **actually received** in writing in electronic format by the parties specified in the
        Bidding Procedures (the "**Bid Deadline**"); and

(b)     **Auction: June 22, 2020, at 10:00 a.m., Central Daylight Time**, is the date and
        time the Auction, if one is needed, will be held either (a) at the offices of Kelly
        Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, TX 76102, (b)
        telephonically, (c) via video conferencing, or (d) a combination of the foregoing,
        or at such later date and time as the Trustee shall notify all Qualified Bidders that

have submitted Qualified Bids (which shall be deemed to include the Stalking Horse Bidder).

## II.      Bidding Procedures and Related Relief

9.      The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved in their entirety.  The Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to any proposed Sale, and any party desiring to submit a higher or better offer for some or all of the Assets must comply with the terms of the Bidding Procedures and this Order.  The Bidding Procedures shall also govern the terms on which the Trustee will proceed with the Auction and the Sale of the Assets pursuant to the Purchase Agreement or any modified version thereof.  The Trustee is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

10.     The failure to specifically include or reference any particular provision, section, or article of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such provision, section, or article, it being the intent of this Court that the Bidding Procedures are authorized in their entirety.

11.     The Trustee is authorized, subject to the terms of this Order and the Bidding Procedures, to take actions reasonably necessary, in the discretion of the Trustee, to conduct and implement the Auction.

12.     Only the Trustee, any Qualified Bidder (including the Stalking Horse Bidder), the U.S. Trustee, and any creditor of the Debtors (including the Prepetition Lenders), in each case along with their representatives and counsel, or such other parties as the Trustee shall determine, shall attend the Auction, and only such Qualified Bidders (including the Stalking Horse Bidder) will be entitled to make any Bids at the Auction.

13.    The Trustee and his professionals shall direct and preside over the Auction.  Other than as expressly set forth in this Order or the Bidding Procedures, the Trustee may conduct the Auction in the manner he reasonably determines will result in the highest or otherwise best Qualified Bid.

14.    Each Qualified Bidder (including the Stalking Horse Bidder) participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding, the sale of any of the assets described herein, or any other transaction with respect to the Debtors, (b) has reviewed, understands, and accepts the Bidding Procedures, and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, any Sale, or the Auction, if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

15.    Except as otherwise provided in the Bidding Procedures or this Order, the Trustee reserves the right as he may reasonably determine to be in the best interest of the Debtors' estates and in the exercise of his fiduciary duties to: (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reject any Bid (other than a Qualified Credit Bid by the Stalking Horse Bidder) that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (e) impose additional terms and conditions with respect to all Potential Bidders (other than the Stalking Horse Bidder); (f) extend the deadlines set forth herein or in the Bidding Procedures; and (g) continue or cancel the Auction and/or Sale Hearing, including by announcement in open court without further notice.

16.     The Stalking Horse Bidder is entitled, in its sole and absolute discretion, to credit

bid part or the entire amount of the Prepetition First Lien Obligations (as defined in the *Third*

*Interim Order Under 11 U.S.C. §§ 105(a), 361, 362, 363, and 552, Fed. R. Bankr. P. 4001(b)*

*and Del. Bankr. L.R. 4001-2 (A) Authorizing Use of Cash Collateral and (B) Granting Adequate*

*Protection* [Docket No. 205]) within the meaning of section 363(k) of the Bankruptcy Code.

### III.     Sale Hearing Notice and Related Relief

17.     A Sale Hearing to (i) approve a sale of a portion or substantially all of the Assets

to the Successful Bidder(s), (ii) approve designation of a Backup Bid and Backup Bidder in

accordance with the Bidding Procedures, and (iii) authorize the assumption and assignment of

certain executory contracts and unexpired leases shall be held on June 24, 2020 at 2:00 p.m.

(Eastern Daylight Time), and may be adjourned or rescheduled by the Trustee from time to time

(in accordance with the Bidding Procedures) without further notice.   Unless the Court orders

otherwise, any Sale Hearing shall be an evidentiary hearing on matters relating to the

Transaction(s), and there will be no further bidding at such hearing.   In the event that the

Successful Bidder(s) cannot or refuses to consummate the Transaction(s) because of breach or

failure on the part of such Successful Bidder, the Trustee may, in accordance with the Bidding

Procedures, designate the Backup Bid to be the new Successful Bid and the Backup Bidder to be

the new Successful Bidder, and the Trustee shall be authorized, but not required, to consummate

the applicable transaction with the Backup Bidder without further order of the Court.

18.     The form of Sale Notice, substantially in the form attached as **Exhibit 2** hereto, is

approved.

19.     Within three (3) days after the entry of this Order, the Trustee shall serve the Sale

Notice, by overnight mail, postage prepaid, by e-mail (if available), or, for those parties who

have consented to receive notice by the ECF system, by ECF upon (a) all entities known to have

expressed an interest in a transaction with respect to some or all of the Assets during the past 12 months; (b) all entities known to have asserted any interest in or upon any Assets to be sold; (c) the lessors of the Debtors' mineral and surface leases at addresses reasonably known to the Trustee; (d) all federal, state, and local regulatory or taxing authorities or recording offices that have a reasonably known interest in the relief requested by this Motion; (e) the Internal Revenue Service; (f) counsel to the First Lien Agent and First Lien Lenders; (g) those parties who have made the appropriate filings requesting notice of all pleadings filed in the chapter 11 case; (h) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"); (i) the Office of the United States Attorney General for the District of Delaware; (j) the offices of the attorneys general for the states in which the Debtors operate; and (k) the United States Department of Justice (collectively, the "**Transaction Notice Parties**").

20.     Service of the Sale Notice as described herein shall be deemed good and sufficient notice of the Transaction with respect to known interested parties.

21.     The Trustee is authorized and directed to publish the Sale Notice, as modified for publication, in the *USA Today* and Gas Daily within five (5) business days of the date of service of the Sale Notice as set forth herein.

22.     The form of Post-Auction Notice, substantially in the form attached as **Exhibit 3**, is approved.  No later than noon the calendar day after the conclusion of the Auction, if any, the Trustee shall file the Post-Auction Notice identifying any Successful Bidder(s) on the Court's docket and, to the extent that any non-Debtor party to an executory contract or unexpired lease that is proposed to be assumed and assigned to the Successful Bidder(s) has not filed a notice of appearance on the docket in these Cases, serve the Post-Auction Notice by overnight delivery on such parties and on all parties who have requested notice pursuant to Local Rule 2002-1.

## IV.        Assumption Procedures

23.        The Assumption and Assignment Procedures, as detailed in the Motion and incorporated herein by reference as if fully set forth in the Order, are approved.

24.        The Assumption Notice, substantially in the form attached as **Exhibit 4**, is approved (the "**Assumption Notice**").

25.        Within three (3) days after the entry of this Order, the Trustee shall file with the Court the Assumption Notice and a list of the Designated Contracts (the "**Designated Contracts List**").  If no Cure Amount is listed on the Designated Contracts List for a particular Designated Contract, the Trustee's asserted Cure Amount for such Designated Contract shall be deemed to be $0.00.  On or before the Assumption Notice Deadline, the Trustee shall serve, via first-class mail, the Assumption Notice that contains (i) the Designated Contracts List, (ii) information necessary and appropriate to provide notice of the relevant proposed assumption and assignment of Designated Contract(s) and rights thereunder, (iii) Cure Amounts, if any, and (iv) the procedures for objecting thereto on all counterparties to the Designated Contracts and all parties entitled to such notice pursuant to Bankruptcy Rule 2002.  Service of such Assumption Notice as set forth herein shall be deemed good and sufficient notice of, among other things, the proposed assumption and assignment of the Designated Contracts, the applicable Cure Amounts related thereto, and the procedures for objecting thereto, and no other or further notice is necessary.

26.        Any objection by a counterparty to a Designated Contract (a "**Contract Objection**") other than a Supplemental Limited Sale Objection must (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules and Local Bankruptcy Rules; (iii) be filed with the Clerk of Court on or before the Sale Objection Deadline; (iv) be served, so as to be actually received on or before the Sale Objection Deadline, upon the Objection Recipients; and (v) state with specificity the grounds for such objection, including, without limitation, the

13

fully liquidated cure amount and the legal and factual bases for any unliquidated cure amount that the counterparty believes is required to be paid under Bankruptcy Code sections 365(b)(1)(A) and (B) for the applicable Designated Contract, along with the specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto.

27.     Any time before 5:00 p.m. (Central Daylight Time) on the date that is three (3) business days prior to the Closing Date, the Trustee reserves the right, and is authorized but not directed, to add previously omitted Designated Contracts as contracts to be assumed and assigned to a Successful Bidder in accordance with the definitive agreement for a Transaction, (ii) remove a Designated Contract from the list of Designated Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Transaction, or (iii) modify the previously stated Cure Amount associated with any Designated Contract.

28.     If, after the mailing of the Assumption Notice, additional executory contracts or unexpired leases of the Debtors are determined to be Designated Contracts in connection with such Transaction or the Trustee seeks to modify the previously stated Cure Amount associated with any Designated Contract, as soon as practicable thereafter and in no event later than 5:00 p.m. (Central Daylight Time) on that date that is three (3) business days before the date of the Sale Hearing, the Trustee shall file with the Court and serve, by overnight delivery on the applicable counterparties, a revised Assumption Notice (which shall be deemed to amend and restate the prior Assumption Notice with respect to such Designated Contracts and/or Cure Amounts), and such counterparties shall file any Contract Objections not later than (a) the Sale Objection Deadline in the event that such revised Assumption Notice was filed and served at least ten (10) days prior to the Sale Objection Deadline, (b) two (2) days prior to the Sale

Hearing in the event that such revised Assumption Notice was filed and served at least seven (7) days prior to the commencement of the Sale Hearing, and (c) seven (7) days from the date such revised Assumption Notice was filed and served, in the event that such revised Assumption Notice was filed and served less than seven (7) days prior to the commencement of the Sale Hearing.

29.    No later than noon the calendar day after the conclusion of the Auction, if any, the Trustee shall file with the Court and serve, by overnight delivery, on the counterparties a notice (the **"Post-Auction Notice"**), substantially in the form attached as **Exhibit 3** hereto, identifying the Successful Bidder(s), and the counterparties shall file any Supplemental Limited Sale Objections not later than two (2) hours prior to the commencement of the Sale Hearing; *provided*, that the deadline for any party who did not receive an Assumption Notice prior to the date that is seven (7) days before the Sale Hearing to assert a Contract Objection shall be seven (7) days after the later of (i) the date of service of such Assumption Notice and (ii) the Post-Auction Notice.

30.    At the Sale Hearing, the Trustee will seek Court approval of the assumption and assignment to the Successful Bidder(s) of only those Designated Contracts that have been selected by such Successful Bidder(s) to be assumed and assigned (collectively, the **"Selected Designated Contracts"**).  The inclusion of a Designated Contract on an Assumption Notice will not (i) obligate the Trustee to assume any Designated Contract listed thereon nor the Successful Bidder(s) to take assignment of such Designated Contract or (ii) constitute any admission or agreement of the Trustee that such Designated Contract is an executory contract.  The Trustee and the Debtors' estates reserve any and all rights with respect to any Designated Contracts that are not ultimately designated as Selected Designated Contracts.

31.     If no Contract Objection is timely received with respect to a Selected Designated Contract: (i) the counterparty to such Selected Designated Contract shall be deemed to have consented to the assumption by the Trustee and assignment to the Successful Bidder of the Selected Designated Contract, and shall be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance by the Successful Bidder); (ii) any and all defaults under the Selected Designated Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to Bankruptcy Code section 365(b)(1)(A) and (B) upon payment of the Cure Amount set forth in the Assumption Notice for such Selected Designated Contract; (iii) the Cure Amount set forth in the Assumption Notice for such Selected Designated Contract shall be controlling, notwithstanding anything to the contrary in such Selected Designated Contract, or any other related document, and the counterparty shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other Claims related to such Selected Designated Contract against the Debtors and their estates or the Successful Bidder, or the property of any of them, that existed prior to the entry of the order resolving the Contract Objections and the Sale Order; and (iv) the counterparty to such Selected Designated Contract shall be deemed to have consented to the Sale and to any related relief.

32.     Absent further order of this Court, to the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Sale Hearing, including, without limitation, any dispute with respect to the cure amount required to be paid to the applicable counterparty under Bankruptcy Code sections 365(b)(1)(A) and (B) (any such dispute, a "**Cure Dispute**"), such Contract Objection will be adjudicated at the Sale Hearing, at such other date and time as may be fixed by the Court, or such other date that may be agreed to

by the parties; *provided, however*, that if the Contract Objection relates solely to a Cure Dispute, the Selected Designated Contract may be assumed by the Trustee and assigned to the Successful Bidder provided that the cure amount the counterparty asserts is required to be paid under Bankruptcy Code section 365(b)(1)(A) and (B) (or such lower amount as agreed to by the counterparty) is deposited in a segregated account by the Trustee pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

## V.    Other Related Relief

33.    Except as otherwise provided herein, any objection provided hereunder must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and Local Bankruptcy Rules, (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor, and (iv) be filed with this Court and served so as to be actually received no later than the applicable objection deadline by the following parties: (i) the Trustee, Michael A. McConnell, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, TX 76102, Attn: Michael A. McConnell; (ii) counsel to the Trustee, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, TX 76102, Attn: Nancy Ribaudo; (iii) co-counsel to the Trustee, Morris, Nichols, Arsht & Tunnell LLP, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott and Joseph C. Barsalona II; (iv) counsel to the Prepetition Lenders and Stalking Horse Bidder, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, Attn: Adam J. Goldberg and Jeffrey T. Mispagel; (v) co-counsel to the Prepetition Lenders and Stalking Horse Bidder, Duane Morris LLP, 222 Delaware Avenue, Suite 1600, Wilmington, DE 19801, Attn: Michael R. Lastowki, Sommer L. Ross, and Jarret P. Hitchings; and (vi) the U.S. Trustee, Linda Richenderfer, United States Department of Justice, Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Stephen Statham (the "**Objection Recipients**").

34.     Any objections to the entry of this Order and the relief granted herein that have

not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein,

are hereby overruled on the merits.

35.     To the extent the deadlines set forth in this Order do not comply with the Local

Bankruptcy Rules, such Local Bankruptcy Rules are waived and the terms of this Order shall

govern.

36.     To the extent the provisions of this Order are inconsistent with the provisions of

any exhibits referenced herein or with the Motion, the provisions of this Order shall control.

37.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

38.     Notice of the Motion as provided therein shall be deemed good and sufficient

notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local

Bankruptcy Rules are satisfied by such notice.

39.     Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise,

this Court, for good cause shown, orders that the terms and conditions of this Order shall be

immediately effective and enforceable upon its entry.

40.     The Trustee is authorized and empowered to take all actions as may be necessary

to implement and effect the terms and requirements established under this Order.

41.     This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, or enforcement of this Order.

**Dated: June 5th, 2020**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE