# **EXHIBIT 4**

**Assumption Notice**

Case 19-11164-JTD    Doc 511-4    Filed 06/05/20    Page 1 of 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>PWR INVEST, LP, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11164 (JTD)<br><br>(Jointly Administered)<br><br>**Re: D.I. 492** |

**NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS AND THE PROPOSED CURE AMOUNTS WITH RESPECT THERETO**

> **YOU ARE RECEIVING THIS NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS AND THE PROPOSED CURE AMOUNT WITH RESPECT THERETO (THE "ASSUMPTION NOTICE") BECAUSE YOU MAY BE A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE OF THE DEBTORS. PLEASE READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS DESCRIBED HEREIN.**

PLEASE TAKE NOTICE that, on May 16, 2020, Michael A. McConnell, Esq., the duly appointed chapter 11 trustee (the "**Chapter 11 Trustee**") for the above-captioned debtors (the "**Debtors**"), filed a motion (the "**Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking, among other things, entry of an order (the "**Bidding Procedures Order**"):[2] (i) approving proposed bidding procedures (the "**Bidding Procedures**") by which the Chapter 11 Trustee will solicit and select the highest or otherwise best offer for the sale of substantially all or a portion of the Debtors' assets (the "**Assets**") through one or more sales of the Assets (each, a "**Transaction**"); (ii) approving proposed procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "**Assumption and Assignment Procedures**"); (iii) authorizing and

---

[1] The Debtors in these chapter 11 cases (collectively, the "**Cases**"), together with the last four digits of each Debtor's federal tax identification number, are as follows: Oklahoma Merge, LP (1308), Oklahoma Merge Midstream, LP (8433), Oklahoma River Basin, LP (0385), PWR Oil & Gas General Partners, Inc. (4963), and PWR Invest, LP (7429). The mailing address of the Chapter 11 Trustee is Kelly Hart & Hallman LLP, Attn: Michael A. McConnell, Esq., 201 Main Street, Suite 2500, Fort Worth, TX 76102, with copies to Kelly Hart & Hallman LLP, c/o Nancy L. Ribaudo, 201 Main Street, Suite 2500, Fort Worth, TX 76102 and Morris, Nichols, Arsht & Tunnell LLP, c/o Derek C. Abbott and Joseph C. Barsalona II, 1201 North Market Street, Suite 1600, Wilmington, DE 19801.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

approving the Chapter 11 Trustee's selection of a stalking horse bid by a stalking horse bidder (the "**Stalking Horse Bidder**"); (iv) scheduling (a) an auction, if the Chapter 11 Trustee receives one or more timely and acceptable Qualified Bids (the "**Auction**"), and (b) a final hearing (the "**Sale Hearing**") to approve one or more Transactions, as necessary; (v) approving the form and manner of notice of all procedures, schedules, and agreements; and (vi) granting related relief.

PLEASE TAKE FURTHER NOTICE that, on June [ ● ], 2020, the Court entered the Bidding Procedures Order [Docket No. [ ● ]].

PLEASE TAKE FURTHER NOTICE that the Bidding Procedures Order, among other things, established procedures for the assumption and assignment of certain executory contracts and unexpired leases that the Chapter 11 Trustee may seek to assume and assign on the Debtors' behalf in connection with a Transaction (collectively, the "**Designated Contracts**") to a purchaser and the determination of related Cure Amounts (as defined below). The Debtors are parties to numerous Designated Contracts and, in accordance with the Bidding Procedures Order, hereby file this notice ("**Assumption Notice**") identifying (i) the Designated Contracts, which may be assumed and assigned to the Stalking Horse Bidder or such other Successful Bidder(s) in connection with the Transaction(s), and (ii) the proposed amounts, if any, the Chapter 11 Trustee believes are owed to the counterparties to the Designated Contracts to cure any defaults or arrears existing under the Designated Contracts (the "**Cure Amounts**"), both as set forth on **Exhibit 1** attached hereto. Other than the Cure Amounts listed on Exhibit 1, the Chapter 11 Trustee is not aware of any amounts due and owing under the Designated Contracts listed therein.

PLEASE TAKE FURTHER NOTICE that the Sale Hearing to consider approval of a Transaction(s) and the transfer of the Assets free and clear of all liens, claims, interests, and encumbrances, in accordance with Bankruptcy Code section 363(f), will be held before the Honorable John T. Dorsey, United States Bankruptcy Judge for the District of Delaware, at 824 N. Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801 on **June 24, 2020 at 2:00 p.m. (Eastern Daylight Time)**. At the Sale Hearing, only those Designated Contracts (and the corresponding Cure Amounts) listed on Exhibit 1 that have been selected to be assumed by the Successful Bidder(s) at the Auction (as may be amended in accordance with the terms of the applicable definitive documents, the "**Selected Designated Contracts**") will be subject to approval by the Court, and the Debtors' rights with respect to all other contracts are fully reserved. All objections to the Chapter 11 Trustee's proposed Cure Amounts will be heard at the Sale Hearing or at a later hearing, as determined by the Chapter 11 Trustee. The Sale Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court or by notice filed on the docket in these Cases.

PLEASE TAKE FURTHER NOTICE that the listing of a Designated Contract on Exhibit 1 does not constitute an admission that the Designated Contract is an executory contract or unexpired lease as contemplated by Bankruptcy Code section 365(a) or that the Debtors have any liability thereunder, and the Chapter 11 Trustee expressly reserves all rights, claims, causes of action, and defenses of the Chapter 11 Trustee and the Debtors with respect to the Designated Contracts listed on Exhibit 1.

PLEASE TAKE FURTHER NOTICE that to the extent a counterparty to a Designated Contract listed on Exhibit 1 to this Assumption Notice objects to the proposed assumption and assignment of the applicable Designated Contract (other than a Supplemental Limited Sale Objection (as defined below)) or the proposed Cure Amount, if any, such counterparty must file and serve an objection (a "**Contract Objection**").  All Contract Objections must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) be filed with the Clerk of Court no later than **June 17, 2020 at 4:00 p.m. (Eastern Daylight Time)** (the "**Sale Objection Deadline**"), (iv) be served on the Objection Recipients (as defined below) so as to actually be received on or before the Sale Objection Deadline, except as set forth below, and (v) state with specificity the grounds for such objection, including, without limitation, the fully liquidated cure amount and the legal and factual bases for any unliquidated cure amount that the counterparty believes is required to be paid under Bankruptcy Code sections 365(b)(1)(A) and (B) for the applicable Designated Contract, along with the specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto.

PLEASE TAKE FURTHER NOTICE that the Objection Recipients are: (i) the Chapter 11 Trustee, Michael A. McConnell, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, TX 76102, Attn: Michael A. McConnell; (ii) counsel to the Chapter 11 Trustee, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, TX 76102, Attn: Nancy Ribaudo; (iii) co-counsel to the Chapter 11 Trustee, Morris, Nichols, Arsht & Tunnell LLP, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott and Joseph C. Barsalona II; (iv) counsel to the Prepetition Lenders and Stalking Horse Bidder, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, Attn: Adam J. Goldberg and Jeffrey T. Mispagel; (v) co-counsel to the Prepetition Lenders and Stalking Horse Bidder, Duane Morris LLP, 222 Delaware Avenue, Suite 1600, Wilmington, DE 19801, Attn: Michael R. Lastowki, Sommer L. Ross, and Jarret P. Hitchings; and (vi) the U.S. Trustee, United States Department of Justice, Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Richenderfer (the "**Objection Recipients**").

**PLEASE TAKE FURTHER NOTICE THAT IF A COUNTERPARTY TO A DESIGNATED CONTRACT FILES A CONTRACT OBJECTION IN A MANNER THAT IS CONSISTENT WITH THE REQUIREMENTS SET FORTH ABOVE, AND THE PARTIES ARE UNABLE TO CONSENSUALLY RESOLVE THE DISPUTE PRIOR TO THE SALE HEARING, THE AMOUNT TO BE PAID OR RESERVED WITH RESPECT TO SUCH OBJECTION WILL BE DETERMINED AT THE SALE HEARING, SUCH LATER HEARING DATE THAT THE CHAPTER 11 TRUSTEE DETERMINES IN ITS DISCRETION, OR SUCH OTHER DATE DETERMINED BY THE COURT.  ALL OTHER OBJECTIONS TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO, AND UNDER THE DESIGNATED CONTRACTS WILL BE HEARD AT THE SALE HEARING.**

PLEASE TAKE FURTHER NOTICE that any objections to the ability of the Successful Bidder or Backup Bidder to provide adequate assurance of future performance (each, a "**Supplemental Limited Sale Objection**") must be filed with the Court no later than two (2) hours prior to the commencement of the Sale Hearing (the "**Supplemental Limited Sale Objection Deadline**"); *provided*, that if you are receiving this notice less than seven (7) days

prior to the Sale Hearing, your deadline to assert a Contract Objection shall be 5:00 p.m. (Eastern Daylight Time) on the date that is seven (7) days after the later of the date of service of this Assumption Notice and the Post-Auction Notice. The identity of the Successful Bidder and Backup Bidder (if any) shall be disclosed in a subsequent notice to be delivered to counterparties to the applicable Designated Contracts following the Auction (the "**Post-Auction Notice**").

PLEASE TAKE FURTHER NOTICE that if the counterparty to a Designated Contract does not timely file and serve a Contract Objection that is consistent with the requirements set forth above by the Contract Objection Deadline (with respect to all objections other than Supplemental Limited Sale Objections) or the Supplemental Limited Sale Objection Deadline (with respect to Supplemental Limited Sale Objections only), (i) such counterparty will be deemed to have consented to the assumption and assignment of the Designated Contract to a Successful Bidder, notwithstanding any anti-alienation provision or other restriction on assumption or assignment in the Designated Contract, and shall be forever barred from asserting any objection with regard to such assumption and assignment, including, without limitation, with respect to adequate assurance of future performance by the Successful Bidder; (ii) any and all defaults under such Designated Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to Bankruptcy Code section 365(b)(1)(A) and (B) upon payment of the Cure Amounts set forth in the Assumption Notice for such Designated Contract, and such counterparty shall be forever barred from asserting any objection with regard thereto; (iii) the Cure Amount set forth in the Assumption Notice for such Designated Contract shall be controlling, notwithstanding anything to the contrary in such Designated Contract, or any other related document, and such counterparty shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other Claims related to such Designated Contract against the Debtors and their estates or the Successful Bidder, or the property of any of them, that existed prior to the entry of the order resolving the Contract Objections and the Sale Order; and (iv) such counterparty shall be deemed to have consented to the Transaction and to any related relief.

PLEASE TAKE FURTHER NOTICE that although the Chapter 11 Trustee has made a good-faith effort to identify all Designated Contracts that might be assumed and assigned in connection with a Transaction, the Chapter 11 Trustee may discover certain contracts inadvertently omitted from the Designated Contract list or Successful Bidder(s) may identify other executory contracts or unexpired leases that they desire to assume and assign in connection with the Transaction. Accordingly, the Chapter 11 Trustee has reserved the right, at any time after the service of this Assumption Notice and before 5:00 p.m. (Central Daylight Time) on the date that is three (3) business days before the date of the Sale Hearing, to (i) supplement the list of Designated Contracts on this Assumption Notice with previously omitted Designated Contracts in accordance with the definitive agreement for a Transaction, (ii) remove a Designated Contract from the list of contracts ultimately selected as the Designated Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Transaction, and/or (iii) modify the previously stated Cure Amount associated with any Designated Contract.

PLEASE TAKE FURTHER NOTICE that in the event that the Chapter 11 Trustee supplements the list of Designated Contracts or modifies the previously stated Cure Amount for a particular Designated Contract, the Chapter 11 Trustee will promptly file and serve a revised

Assumption Notice on each counterparty affected. Such counterparties shall file any Contract Objections with respect to the revised Assumption Notice not later than (a) the Sale Objection Deadline, in the event that such revised Assumption Notice was filed and served at least ten (10) days prior to the Sale Objection Deadline, (b) two (2) days prior to the Sale Hearing in the event that such revised Assumption Notice was filed and served at least seven (7) days prior to the commencement of the Sale Hearing, and (c) seven (7) days after the later of the date of service of the revised Assumption Notice and the Post-Auction Notice, in the event that such revised Assumption Notice was filed and served less than seven (7) days prior to the commencement of the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that this Assumption Notice is subject to the terms and conditions of the Motion and the Bidding Procedures Order, with such Bidding Procedures Order controlling in the event of any conflict, and the Chapter 11 Trustee encourages parties in interest to review such documents in their entirety. Parties with questions regarding the Assumption and Assignment Procedures contained herein should contact the Chapter 11 Trustee's counsel at Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, TX 76102, Attn: Nancy Ribaudo (email: nancy.ribaudo@kellyhart.com).

PLEASE TAKE FURTHER NOTICE that the inclusion of a Designated Contract on this Assumption Notice (or a revised Assumption Notice) will not obligate the Chapter 11 Trustee to assume any Designated Contract listed thereon or the Successful Bidder(s) to take assignment of such Designated Contract and, as set forth above, the Chapter 11 Trustee reserves the right to modify the list of Designated Contracts in accordance with the Bidding Procedures Order, including to remove executory contracts or unexpired leases from such list. Only those Designated Contracts that are included on a schedule of assumed and assigned executory contracts and unexpired leases attached to the final Purchase Agreement with the Successful Bidder(s) will be assumed and assigned to the Successful Bidder(s), and the Chapter 11 Trustee's assumption and assignment of a Designated Contract is subject to approval by the Court and consummation of the Transaction(s). Absent consummation of the Transaction(s) and entry of a Sale Order approving the assumption and assignment of a Designated Contract, such contract will be deemed neither assumed nor assigned, and will in all respects be subject to subsequent assumption or rejection by the Chapter 11 Trustee.

[*The remainder of this page is intentionally left blank.*]

Dated: [ ● ], 2020
      Wilmington, Delaware

                                        */s/ Draft*
                                        Derek C. Abbott (No. 3376)
                                        Joseph C. Barsalona II (No. 6102)
                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                        1201 N. Market Street, 16th Floor
                                        P.O. Box 1347
                                        Wilmington, Delaware 19899-1347
                                        Telephone: (302) 658-9200
                                        Facsimile: (302) 658-3989
                                        Email: dabbott@mnat.com
                                                 jbarsalona@mnat.com

                                        - and –

                                        Nancy L. Ribaudo (admitted *pro hac vice*)
                                        KELLY HART & HALLMAN LLP
                                        201 Main Street, Suite 2500
                                        Fort Worth, Texas  76102
                                        Telephone: (817) 878-3574
                                        Facsimile: (817) 878-9744
                                        Email: nancy.ribaudo@kellyhart.com

                                        *Counsel to Michael A. McConnell, Esq., as Chapter 11*
                                        *Trustee to PWR Invest, LP and its debtor affiliates*

## **Exhibit 1**

Designated Contracts List

**Designated Contracts List**

| Counterparty | Contract | Cure Amount |
|---|---|---|
|  |  |  |